UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEBORAH LAUFER,

                        Plaintiff,                  Civil Action No. 20-cv-366

vs.

FIRST STREET GROUP LLC,

                        Defendant.

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
FIRST STREET GROUP LLC'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND 28 U.S.C. § 1367(c)**

Defendant, First Street Group LLC, for its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and 28 U.S.C § 1367(c) states:

**BACKGROUND**

First Street Group LLC is the owner and operator of a hotel located in Niagara Falls, New York known as The Giacomo. Carbone Dec. at ¶ 3 & Exh. A [Complaint, ¶ 3]. Plaintiff is an individual with certain disabilities specified in the Complaint that resides in the State of Florida. Id. [Complaint, ¶ 1]. First Street Group LLC utilizes third party booking web sites such as Booking.com Expedia.com, Orbitz.com, and Hotels.com to allow prospective hotel patrons the ability to book hotel accommodations via the Internet. Id. [Complaint, ¶ 11]. On or about April 7, 2020, Plaintiff filed her Complaint against First Street Group LLC which pleaded two causes of action: (1) violation of 42 U.S.C. § 12181, et seq. ("Title III of the Americans with Disabilities Act"), and regulations promulgated thereunder (28 C.F.R. 36.302(e)); and (2) violations of New York Human Rights Law § 296(2) and New York Executive Law § 297(9). Id. [Complaint, ¶¶

6-28]. Defendant disputes that its web site fails to comply with the requirements of the Americans with Disabilities Act and/or New York State Human Rights Law. The sum and substance of the alleged violations is that Plaintiff asserts that she visited the aforesaid web sites in the capacity of a "tester" for the purposes of evaluating such web sites' compliance with Internet accessibility requirements imposed by Title III of the Americans with Disabilities Act and state law. Id. [Complaint, ¶¶ 2, 12]. Plaintiff has commenced more than 200 cases in federal district courts in 2019 and 2020 alone against parties in the states of New York, Georgia, Florida, and Connecticut for alleged violations of the Americans with Disabilities Act, including the case against First Street Group LLC. Id. at ¶ 4 & Exh. B [PACER Report]. Plaintiff does not allege any facts establishing the purpose or motivations for utilizing the above-described web sites to book prospective travel accommodations or otherwise patronize First Street Group LLC's business other than in the capacity as a "tester." [Complaint, ¶¶ 2, 12]. Plaintiff also does not allege any facts establishing past travel, or future intent to travel, to New York State, much less Niagara Falls, New York or First Street Group LLC's hotel specifically. First Street Group LLC moves herein to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1367(c) for failure to state a claim upon which relief can be granted due to lack of subject matter jurisdiction and, relatedly, lack of standing.

## ARGUMENT

Rule 12(b) of the Federal Rules of Civil Procedure provides that the following defenses, among others, may be raised on a motion to dismiss:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1)     lack of subject-matter jurisdiction; . . .

> (6) failure to state a claim upon which relief can be granted . . . .

The standards for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are substantively identical. Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003). In considering a motion to dismiss a complaint for failure lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and 12(b)(6), the Court evaluates the sufficiency of the complaint by utilizing the "two-pronged approach." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The first prong analyzes whether the plaintiff's legal conclusions and recitals of the elements of the cause of action are entitled to the assumption of truth. Second, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

In order to survive a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6), the allegations in the Complaint must also meet a standard for plausibility. Id. Courts have held that a claim is facially plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**A. The Court Should Dismiss Plaintiff's Claim For Lack of Subject Matter Jurisdiction and Lack of Standing.**

A private party subject to alleged discrimination under Title III of the Americans with Disabilities Act may seek remedies under § 204(a) of the Federal Civil Rights Act of 1964 (Civil Rights Act), 42 U.S.C. § 2000a-3(a), which includes injunctive relief but does not include damages. Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower, 2003 U.S. Dist. LEXIS 5145, *17 (S.D.N.Y. 2003) ("[42 U.S.C. § 2000a-3] gives individuals the right to seek

injunctive relief but not damages.").  Accordingly, Plaintiff's claim turns on her right to obtain injunctive relief to remedy the alleged aspects of First Street Group LLC's booking sites that Plaintiff purports continue to be non-compliant (which First Street Group LLC disputes).

Under Article III of the United States Constitution, in order for this Court to have jurisdiction over the dispute, there must be a "justiciable controversy." Lowenstein v. Rooney, 401 F. Supp. 952, 956 (E.D.N.Y. 1975) ("The judicial power of federal courts is limited by Article III of the Constitution to situations where a "case" or "controversy" is involved. The doctrine of justiciability is utilized by the courts to define these terms.").  No justiciable issue is present where the plaintiff lacks standing. Flast v. Cohen, 392 U.S. 83, 95 (1968).

In order to establish the existence of a justiciable controversy, the plaintiff must have suffered an injury-in-fact to confer standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 579 (1992).  To establish constitutional standing with respect to a claim for injunctive relief, a plaintiff generally must prove: (1) an injury in fact, which must be (a) *concrete and particularized*, and (b) *actual or imminent*; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision. Harty v. Spring Valley Marketplace LLC, 2017 U.S. Dist. LEXIS 3418, 2017 WL 108062 (2d Cir. 2017).  With respect to the prong of the test requiring the injury to be actual or imminent, federal courts have articulated that there must be a "real and immediate threat of future injury." L.A. v. Lyons, 461 U.S. 95, 102 (1983) (emphasis added).  Conjectural or hypothetical allegations of injuries are insufficient to confer standing and invoke the jurisdiction of this Court. Id.  The party invoking the federal jurisdiction of the Court bears the burden of establishing these elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  These elements are "not mere pleading requirements but rather an indispensable part of the plaintiff's case . . . ." Id.

To establish a "concrete and particularized" and "real and immediate threat" of future injury to obtain injunctive relief, the allegations in the Complaint must give the court sufficient assurance through factual corroboration that Plaintiff has a legitimate and probable likelihood of potentially using services of the defendant in the future. See <u>Feltzin v. Clocktower Plaza Props., Ltd.</u>, 2018 U.S. Dist. LEXIS 32686, *15 (E.D.N.Y. 2018).  "'[T]he frequency of the plaintiff's past visits' and 'the proximity of the defendant's services, programs, or activities to the plaintiff's home' along with any other factor 'relevant to the calculation' including the plaintiff's 'occupation or demonstrated travel habits,'" are among the key guideposts considered by the Court in determining whether the Plaintiff has pleaded facts that give rise to standing. See <u>Ortiz v. Westchester Med. Ctr. Health Care Corp.</u>, 2016 U.S. Dist. LEXIS 161777, *14 (S.D.N.Y. 2016) (<u>citing</u> <u>Bernstein v. City of New</u> York, 621 F. App'x 56, 58-59 (2d Cir. 2015); <u>Price v. City of Ocala</u>, 375 F. Supp. 3d 1264, 1269-1270, 2019 U.S. Dist. LEXIS 72822, *8 (Fla. M.D. 2019) (in evaluating standing for claims arising under Americans with Disabilities Act, court considers "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business.").  Vague and bare-bones allegations that "some day" plaintiff will have a legitimate reason or purpose to return to potentially utilize the services of a defendant are insufficient to confer standing. <u>Van Winkle v. Kings Mall Court LLC</u>, 2018 U.S. Dist. LEXIS 16395, *4-5 (N.D.N.Y. 2018) ("Given Van Winkle's relative remoteness from Kings Mall, failure to plead the frequency with which he visited Kings Mall, and mere speculation about some day returning to Kings Mall, it is unreasonable to infer that Van Winkle intends to return to the subject location.").

The above-referenced tests for standing apply equally to individuals functioning as "testers"—*i.e.*, private citizens who purport to monitor the compliance of establishments with the Americans with Disabilities Act—and persons that encounter alleged violations of the Americans with Disabilities Act in the regular course of the person's activities. See Brown v. McKinley Mall, LLC, 2018 U.S. Dist. LEXIS 83477, *11 (W.D.N.Y. 2018) (holding that "tester" had standing under Title III of Americans with Disabilities Act where the pleadings established "plausible intent to return to the mall for personal reasons, and his desire to return to the mall as both a patron and an ADA Tester are not mutually exclusive.") (emphasis added); see also Feltzin v. Triangle Props. #1, LLC, 2016 U.S. Dist. LEXIS 192861, *8 (S.D.N.Y. 2016) ("**[T]**esters are still subject to the same standing requirements as any other litigant.") Accordingly, the federal courts have frequently dismissed claims under Title III of the Americans with Disabilities Act where the plaintiff has failed to provide factual corroboration for the proposition that her injury is a real and immediate injury. See, e.g. Van Winkle, 2018 U.S. Dist. LEXIS 16395, *4-5; Feltzin, 2016 U.S. Dist. LEXIS 192861, *8.

Cases involving alleged violations of Title III of the Americans with Disabilities Act that survived a motion to dismiss based on lack of standing have commonly involved plaintiffs that pleaded concrete and particularized facts establishing a probability that the plaintiff would, in fact, have a legitimate and probable purpose, intent, or need in the future to utilize services of the defendant. See, e.g., Harty v. Spring Valley Marketplace LLC, 2017 U.S. Dist. LEXIS 3418, 2017 WL 108062 (2d Cir. 2017).  ("Based on Plaintiff's history of travel to Rockland, New York, his alleged plans to continue to return to the Marketplace, and the dates he has proffered on when he exactly plans to return, it is reasonable to infer at this stage that Plaintiff intends to return to the Marketplace in the future."); Ross v. Royal Pizza Cafe Corp., 2018 U.S. Dist. LEXIS

130211, *6 (E.D.N.Y. 2018) ("Plaintiff alleges that she resides about one and a half miles from the establishment. She frequently passes and desires to enter the establishment, but as there is no access ramp, she is unable to.") (internal citations omitted)).

Initially, Plaintiff's Complaint establishes no good faith use of First Street Group LLC's web site for the purposes of reserving hotel accommodations and, instead, alleges that her use of such web site was purely in the capacity of a tester:

> 11. On March 9, 2020 and March 12, 2020, prior to the commencement of this lawsuit, Plaintiff visited the ORS <u>for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements</u>.

[Carbone Dec. at 3 & Exh. A (Complaint) (emphasis added)]

There are no allegations whatsoever that Plaintiff has ever previously visited New York State, or has any intent to do so, much less with respect to Niagara Falls, New York or First Street Group LLC's property specifically. <u>See id.</u>  Without factual corroboration supporting a legitimate purpose for using First Street Group LLC's web site – for example, such as through facts establishing a likelihood of visiting the Niagara Falls, New York in the future for purposes of work or visiting relatives – Plaintiff has suffered no "real and immediate" injury sufficient to confer standing.  The absence of such allegations is underscored by the fact that Plaintiff has filed more than 200 actions in federal district courts alone in the states of New York, Florida, Georgia, and Connecticut alleging violations of the Americans with Disabilities Act. Carbone Dec. at 4 & Exh. B (the "PACER Report"); Federal Rule of Evidence 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . .  (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); <u>Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.</u>, 690 F. Supp. 2d 115, 125

(W.D.N.Y. 2010) (court may take judicial notice of public records without a motion to dismiss being converted to a motion for summary judgment). The information set forth in the PACER Report, namely the volume of actions and widespread locations of parties defendant in said actions, is relevant to the plausibility and genuineness of Plaintiff's intent to travel in general and avail herself of the services of all such parties defendant in all of the varied states, districts, and localities in which such actions have been commenced. Similarly, such information further suggests that Plaintiff's motivations for visiting First Street Group LLC's web site were not related to a legitimate and good faith interest in potentially booking reservations at First Street Group LLC's hotel, but were exclusively to "test" the web sites for compliance. Indeed, ostensibly in an effort to cure the infirmities in standing, Plaintiff pleads that she is, in part, functioning as "an advocate of the rights of <u>similarly situated disabled persons</u>" and that "Plaintiff <u>and all others similarly situated</u> will continue to suffer such discrimination, injury and damage <u>without the immediate relief provided by the ADA as requested herein</u>." Carbone Dec. at ¶ 4 & Exh. A [Complaint, ¶¶ 2, 18]. However, these statements underscore the infirmities in Plaintiff's standing as required to establish the existence of a justiciable controversy between Plaintiff and First Street Group LLC, rather than bolstering them.

In any event, this case is similar to <u>Van Winkle</u>, where the plaintiff resided outside New York State, alleged that he previously made several trips to New York State generally, visited the defendant's establishment on one prior occasion, and alleged that he would "return within 90 days of learning that the Property has become compliant with the ADA." 2018 U.S. Dist. LEXIS 16395, *4-5. In <u>Van Winkle</u>, the court granted the defendant's motion to dismiss for lack of standing, reasoning that the allegations constituted "no more than a vague 'some day' intention to return at an unspecified time in the future on an unspecified trip, with no history of ever having

been to the Property on another occasion besides May 11, 2016." Id.  In this case, there are no allegations that Plaintiff has ever visited New York State, much less Niagara Falls, New York or First Street Group LLC's establishment specifically. See Carbone Dec. at 3 & Exh. A [Complaint].  Plaintiff also provides no modicum of certainty as to whether she will ever travel to New York State in the future, much less detail as to when such travel is likely to occur or why such travel would be necessary or probable. Id.  Plaintiff's sole allegation regarding the timing or probability of a return to First Street Group LLC's web sites involves an assertion that she intends to re-test First Street Group LLC's web sites for compliance "in the near future," followed by a threadbare statement in the alternative that she intends to utilize the services of First Street Group LLC:

> 12. In the near future, Plaintiff intends to revisit Defendant's ORS in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.
>
> 13. Plaintiff is continuously aware that the subjet ORS remains non-compliant and that it would be a futile gesture to revisit it as long as those violations exist unless she is willing to suffer additional discrimination.

[Carbone Dec. at ¶ 3 & Exh. A (Complaint) (emphasis added)]

Neither these paragraphs nor the Complaint in general contain any detail explaining where, when, or why she intends to travel to Niagara Falls, New York to avail herself of First Street Group LLC's hotel, facts necessary to establish the concrete and particularized injury-in-fact that is essential to her claim for alleged violation of Title III of the Americans with Disabilities Act.

Therefore, it follows *a fortiori* that if the plaintiff in Van Winkle who pleaded a past history of visits not just to New York State, but the particular county in which the defendant's property was located, lacked standing under Title III of the Americans with Disabilities Act, then the Plaintiff in this action, who has pleaded no facts whatsoever with respect to a past history or future likelihood of visiting New York State at large, similarly lacks standing.

The Feltzin case is similarly analogous to the facts at bar. 2016 U.S. Dist. LEXIS 192861, *13-14 (S.D.N.Y. 2016).   In Feltzin, the court dismissed Plaintiff's claims for alleged violations of Title III of the Americans with Disabilities Act after finding that "[t]he entirety of plaintiff's argument concerning injury is contained in two sentences buried in a section that otherwise focuses on plaintiff's professed intent to return. Beyond stating that the injury requirement is "clearly" met, plaintiff sets forth no substantive argument that he has alleged an injury stemming from a personal encounter with violations of the ADA." Id. (emphasis added).  Like the plaintiff in Feltzin, Plaintiff has only made threadbare assertions of a professed intent to use the services of First Street Group LLC, providing no substantive factual allegations establishing that any actual travel or accommodations have been impaired by the alleged lack of compliance of First Street Group LLC's booking web sites. Like the plaintiffs in Van Winkle and Feltzin, Plaintiff has failed to meet her burden of establishing an injury-in-fact to confer standing and the Complaint should be dismissed.

**B.      Plaintiff's Allegations Lack Sufficient Detail to State a Valid Claim for Alleged Violations of Title III of the Americans with Disabilities Act and 28 C.F.R. 36.302(e).**

Plaintiff's allegations with respect to the alleged non-compliant features of the booking web sites fail to provide sufficient detail to state a claim in connection with Title III of the Americans with Disabilities Act. Harty v. Nyack Motor Hotel, Inc., 2020 U.S. Dist. LEXIS 40429 (S.D.N.Y. 2020) ("Although Plaintiff does not need to delve deeply into the technical

details of website accessibility at the pleading stage, his conclusory allegations and recitation of legal boilerplate simply do not compare to the kinds of factual allegations other plaintiffs have provided in similar cases."). Plaintiff's allegations do little more than recite the sum and substance of the boilerplate terminology employed in 28 C.F.R. 36.302(e). Carbone Dec. at ¶ 4 & Exh. B [ Complaint, ¶ 11]. Based on Plaintiff's allegations, the most relevant portions of 28 C.F.R. 36.302(e), which prescribes minimum requirements for accessibility for reservation systems associated with places of public accommodation, appear to be subsections (i) and (ii):

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party-
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservation for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;"

Plaintiff's allegations for each of the four booking sites are identical and limited to a single threadbare sentence for each booking site that "the website for the hotel . . . did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel." Carbone Dec. at ¶ 4 & Exh. B [ Complaint, ¶ 11]. There is no explanation of what features of the web site or detail was lacking in order to

allow Plaintiff to "make reservations for accessible guest rooms" or to "reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." Carbone Dec. at ¶ 4 & Exh. B [ Complaint, ¶ 11]; 28 C.F.R. 36.302(e)(i), -(e)(ii). Such allegations are analogous to the infirmities of the plaintiff's Complaint in the Harty case, where the court dismissed the claim for violation of 28 C.F.R. 36.302(e) where the plaintiff failed to provide "any particularity or plausibility as to how or why these websites were inaccessible to Plaintiff." 2020 U.S. Dist. LEXIS 40429 at *12. In Harty, the court appropriately distinguished the plaintiffs' bare-bones and boilerplate allegations from several other cases involving alleged violations of 28 C.F.R. 36.302(e) where plaintiffs had provided factual information pertaining to the specific issues of the web site that made it inaccessible. Id. Like the plaintiff in Harty, Plaintiff has provided no factual detail as to the what specific features or information was absent from First Street Group LLC's web site to render it accessible. Therefore, for the same reasons as outline by the court in Harty, Plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

C. **The Court Should Dismiss Plaintiff's Claims Pursuant to New York Human Rights Law 296(2) and New York Executive Law 297(9).**

Plaintiff seeks compensatory damages for violation of New York Human Rights Law § 296(2) and New York Executive Law § 297(9) in the amount of $1,000. Carbone Dec. at ¶ 3 & Exh. A [Complaint, prayer for relief]. The amount in controversy thus fails to satisfy the $75,000 threshold required for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Therefore, the original jurisdiction of this Court, to the extent any such jurisdiction exists, would be predicated upon a federal question pursuant to 18 U.S.C. § 1331 and Plaintiff's claim pursuant to New York Human Rights Law § 296(2) and New York Executive Law § 297(9) would be

subject to the Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The district courts may decline to exercise supplemental jurisdiction if . . . (3) the district court has dismissed all claims over which it has original jurisdiction. 28 U.S. Code § 1367(c)(3); see <u>Jones v. NY State Metro Developmental Disabilities Servs. Office</u>, 2012 U.S. Dist. LEXIS 90007, *7 (S.D.N.Y. 2012); <u>Staten v. City of New York</u>, 2014 U.S. Dist. LEXIS 109928, *23, 2014 WL 3907926 (S.D.N.Y. 2014) (dismissing claims arising under New York Human Rights Law where claims giving rise to original jurisdiction were dismissed).  The Supreme Court has reasoned that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, <u>the state claims *should be dismissed* as well</u>." <u>United Mine Workers v. Gibbs, 383 U.S. 715, 726</u> (1966) (emphasis added). Therefore, in the event Plaintiff's claim pursuant to Title III of the Americans with Disabilities Act is dismissed, the claim pursuant to New York Human Rights Law § 296(2) and New York Executive Law § 297(9) should also be dismissed.

## CONCLUSION

In light of the foregoing, Plaintiff's Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1367(c).

Dated:  Buffalo, New York  
        April 29, 2020

WOODS OVIATT GILMAN LLP

By:    /s/ Robert C. Carbone_____  
       Robert C. Carbone, Esq.  
       1900 Main Place Tower  
       350 Main Street  
       Buffalo, New York 14202  
       Telephone: (716) 248-3233  
       Fax: (716) 248-3333  
       Email: rcarbone@woodsoviatt.com  
       *Attorneys for Defendant,*  
       *First Street Group LLC*